1   McGREGOR W. SCOTT
United States Attorney
2   ANGELA SCOTT
Assistant United States Attorney
3   2500 Tulare Street, Suite 4401
Fresno, CA 93721
4   Telephone: (559) 497-4000
Facsimile: (559) 497-4099
5

6   Attorneys for Plaintiff
United States of America
7

8               IN THE UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:18-CR-00246 DAD-BAM

12                      Plaintiff,         STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13              v.                         FINDINGS AND ORDER

14  JOSE LOZANO,                           DATE: August 4, 2020
                                           TIME: 9:00 a.m.
15                      Defendant.         COURT: Hon. Dale A. Drozd

16

17          Defendant Jose LOZANO (defendant) is scheduled for a change-of-plea hearing on August 4,

18  2020.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

19  Eastern District of California until further notice, and allows district judges to continue all criminal

20  matters.  This and previous General Orders were entered to address public health concerns related to

21  COVID-19.

22          Although the General Orders address the district-wide health concern, the Supreme Court has

23  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

24  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

25  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

26  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

27  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

28  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the change-of-plea hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant JOSE LOZANO, by and through defendant's counsel of record, Eric Kersten, hereby stipulate as follows:

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1      1.      By previous order, this matter was set for a change-of-plea hearing on August 4, 2020.

2      2.      By this stipulation, defendant now moves to continue the change-of-plea hearing until

3   November 2, 2020, and to exclude time between August 4, 2020, and November 2, 2020, under Local

4   Code T4.

5      3.      Defendant has reached a plea agreement with the government, which has been filed in

6   this case.  Defendant recognizes that he likely will be remanded upon changing his plea and, in light of

7   the COVID-19 pandemic, seeks a continuance.  Defendant is working to support his partner and their

8   young child.  If he is unable to continue that support, defendant's partner will have to work.  Defendant

9   is concerned about his partner's ability to obtain childcare during the pandemic, and about the increased

10  exposure risk this will pose to his partner and their child.  If, however, defendant ultimately does not

11  enter his guilty plea and decides to proceed to trial, the parties agree and stipulate, and request that the

12  Court find the following:

13          a)      The government has represented that the discovery associated with this case

14                  includes over 100 pages of reports and photographs, as well as over 40 audio recordings, many

15                  of which are in a foreign language.  This discovery has been produced directly to counsel.

16          b)      Counsel for defendant desires additional time to review the current charges, to

17                  review the discovery, to conduct research and investigation related to the charges and potential

18                  pretrial motions, and to consult with his client.

19          c)      Counsel for defendant has various conflicts in other cases between now and the

20                  proposed November 2, 2020 hearing that would not reasonably permit him to try this case any

21                  time between now and at least November 2, 2020.

22          d)      Counsel for defendant believes that failure to grant the above-requested

23                  continuance would deny him the reasonable time necessary for effective preparation, taking into

24                  account the exercise of due diligence.

25          e)      Based on the above-stated findings, the ends of justice served by continuing the

26                  case as requested outweigh the interest of the public and the defendants in a trial within the

27                  original date prescribed by the Speedy Trial Act.

28          f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

*et seq.*, within which trial must commence, the time period of August 4, 2020 to November 2, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  July 28, 2020

McGREGOR W. SCOTT
United States Attorney


/s/ ANGELA SCOTT
ANGELA SCOTT
Assistant United States Attorney


Dated:  July 28, 2020

/s/ per email authorization
ERIC KERSTEN
Counsel for Defendant
JOSE LOZANO


**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:   **July 28, 2020**

_____
UNITED STATES DISTRICT JUDGE